UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE M. STURGILL,

    Plaintiff,

v.

Case No. 18-10487
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S FEBRUARY 27, 2019 REPORT AND RECOMMENDATION [ECF NO. 20]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ]17]; AND (4) AFFIRMING DEFENDANT'S DECISION</u>**

On February 12, 2018, Plaintiff filed a complaint challenging a final decision of the Commissioner denying Plaintiff's application for social security benefits. The following day, this Court referred the lawsuit to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 14, 17.)

On February 27, 2019, Magistrate Judge Davis issued an R&R recommending that this Court deny Plaintiff's motion for summary judgment and

1

grant Defendant's motion. At the conclusion of the R&R, Magistrate Judge Davis advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections on March 7, 2019. (ECF No. 21.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff raises a single objection to Magistrate Judge Davis' R&R. Specifically, Plaintiff objects to the magistrate judge's finding of harmless error with respect to the ALJ's statement regarding Plaintiff's failure to undergo back surgery when discounting her credibility.

Having conducted a *de novo* review of this issue, the Court finds no error in Magistrate Judge Davis' conclusion. For the reasons set forth in the R&R, the record

does not support Plaintiff's claims regarding the level of her pain even setting aside her failure to undergo recommended back surgery. The Court therefore adopts Magistrate Judge Davis' recommendations and affirms the Commissioner's decision finding Plaintiff not disabled under the Social Security Act.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED** (ECF No. 14); and

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED** (ECF No. 17).

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Dated: March 13, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 13, 2019, by electronic and/or U.S. First Class mail.

s/R. Loury
Case Manager
